# IN THE COURT OF APPEALS OF IOWA

No. 19-0108
Filed November 6, 2019

**FRED VOGT,**
        Plaintiff-Appellant,

**vs.**

**CITY OF CARTER LAKE and CARTER LAKE CITY COUNCIL,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Pottawattamie County, Greg W. Steensland, Judge.

        Fred Vogt appeals the dismissal of his petition for declaratory judgment concerning a zoning regulation amendment.  **REVERSED AND REMANDED.**

        James L. Pray and Thomas D. Story of Brown, Winick, Graves, Gross, Baskerville & Schoenebaum, P.L.C., Des Moines, for appellant.

        Robert M. Livingston and Kristopher K. Madsen of Stuart Tinley Law Firm LLP, Council Bluffs, for appellees.

        Considered by Bower, C.J., and Vaitheswaran and Doyle, JJ.

**BOWER, Chief Judge.**

Fred Vogt appeals from a district court order granting the City of Carter Lake (City) and Carter Lake City Council's (City Council) motion to dismiss. Vogt sought a declaratory judgment to enjoin amending the zoning regulations to allow gaming facilities in C-2 General Commercial Districts. To the extent the zoning district applied to property outside of tribal trust property, we find the court had jurisdiction over the action, and we reverse and remand for further proceedings.

## I. Background Facts & Proceedings

On or before April 2000, the Ponca Tribe of Nebraska ("Tribe"), a federally-recognized Indian Nation, acquired a parcel of their aboriginal land in Carter Lake, Iowa. In 2007, the land was transferred to the United States to hold in trust for the benefit of the Tribe. The Tribe and the City approved a cooperative relationship agreement to address governmental issues and services. In 2009, the parties amended the agreement; the Tribe agreed to seek changes in zoning regulations for commercial retail establishments and the City agreed it would not unreasonably withhold approval.[1] The Tribe announced plans to build and operate a gaming facility on its land.

On June 4, 2018, following a public hearing, the City Council approved a zoning amendment adding "gaming facilities" to the list of permitted uses in C-2 General Commercial Districts.[2] This amendment would allow the Tribe to

---

[1] Vogt did not include as an exhibit to his petition the agreement's second amendment entered into on July 30, 2018, approving an interim casino facility on trust property. Vogt also omitted relevant sections of the City's Unified Land Development Ordinance in his petition's exhibits.

[2] The zoning amendment had been considered at City Council meetings on May 14 and May 21, 2018.

construct and operate a casino on trust land in Carter Lake.[3] It is unclear from the record, but the petition implies the C-2 General Commercial District includes land outside the borders of the Tribe's trust property. Vogt asserts the City's Comprehensive Plan at the time of the amendment prohibited massive redevelopment, did not contemplate or authorize gaming facilities, and contained goals "antithetical to a large casino."

On September 24, Vogt filed suit against the City and City Council seeking a declaratory judgment claiming the zoning amendment violated the City's Comprehensive Plan, as well as a writ of mandamus compelling the City to enforce its Cooperative Agreement with the Tribe and limit use of the trust property to a tobacco shop. Vogt also filed a motion for temporary injunction seeking to prevent the City and City Council from authorizing or permitting construction or operation of a gaming facility within Carter Lake, regardless of the zoning status.

On October 23, the City filed a motion to dismiss and opposition to the temporary injunction. The City stated Vogt's claims were preempted by federal law and, consequently, the court lacked jurisdiction. It also asserted a writ of certiorari was the exclusive means to challenge the zoning decision, which was time-barred. On November 19, Vogt voluntarily dismissed his request for a writ of mandamus in light of an amendment to the Cooperative Agreement predating his petition, which approved a casino facility.

---

[3] The casino was approved by the National Indian Gaming Commission in December 2007 and has been the subject of a lawsuit in federal court. *See Nebraska ex rel. Bruning v. U.S. Dep't of Interior*, 625 F.3d 501 (8th Cir. 2010).

The district court found Vogt's claims sought to interfere with the Tribe's ability to conduct gaming on sovereign land and, therefore, were preempted by federal law and regulation. The court granted the City and City Council's motion to dismiss. Vogt appeals.

## II. Standard of Review

"[W]e review a district court's ruling on a motion to dismiss for correction of errors at law." *Geisler v. City Council of Cedar Falls*, 769 N.W.2d 162, 165 (Iowa 2009). The court cannot consider factual allegations contained in the motion or related documents, but must decide based on the well-pled facts of the petition viewed "in the light most favorable to the plaintiff with doubts resolved in that party's favor." *Id.* (citation omitted). "The purpose of the motion is to test the legal sufficiency of the petition." *Id.*

## III. Analysis

Vogt's petition for declaratory judgment asked the court to consider if the City Council's addition of "gaming facilities" to the City's C-2 zoning areas was in violation of the Comprehensive Plan. The district court considered this challenge solely in the context of the Tribe's trust property.

Vogt claims the court should not have considered the application of federal law because the status of the land was still in litigation and the court could not make an assumption the gaming facility is on tribal lands. Paragraph 2 of the petition specified the Tribe's "intent to construct a massive gaming facility on trust property." The petition and its exhibits do not include any facts relating to the ongoing litigation of the land's status. Based on the facts alleged in the petition and its exhibits, we first consider the regulation change's control over the proposed

gaming facility on the Tribe's property held in trust by the United States, and then if the regulation change violates the City's Comprehensive Plan as to C-2 Zoning Districts within Carter Lake not on the Tribe's land.

Unless the Secretary of the Interior or authorized representative has specifically provided otherwise,

> none of the laws, ordinances, codes, resolutions, or other regulations of any state or political subdivision thereof limiting, zoning, or otherwise governing, regulating, or controlling the use or development of any real or personal property . . . shall be applicable to any such property leased from or held or used under agreement with and belonging to any Indian or Indian tribe, band, or community that is held in trust by the United States.

25 C.F.R. § 1.4(o); *see Connecticut ex rel. Blumenthal v. U.S. Dep't of Interior*, 228 F.3d 82, 85 (2d Cir. 2000 ("Land held in trust is generally not subject to . . . local zoning and regulatory requirements . . . .").

Vogt offers no legal authority allowing a city to impose its zoning regulations on property belonging to the Tribe and held in trust by the United States. To the extent Vogt seeks to impose the City's zoning regulations and Comprehensive Plan on the Tribe's trust property, the district court is correct that federal law preempts the application.

Notwithstanding, nothing in the petition and its exhibits indicate the C-2 designation includes property outside the boundaries of the Tribe's trust property. The petition contests "whether the zoning amendment authorizing 'gaming facilities' in *all* C-2 Zoning Districts complies with the City's Comprehensive Plan." (Emphasis added.) To the extent the zoning amendment would apply to land not part of the Tribe's trust property, it is not preempted by federal law.

We reverse and remand for the district court to determine whether the zoning amendment complied with the City's Comprehensive Plan as applied to C-2 Zoning Districts not part of the Tribe's trust property.

**REVERSED AND REMANDED.**